## MUSSELLMAN v. MAUK.

1. Appeal: REVENUE STAMPS. The words, *"writs or other process on appeals,"* in the amended Revenue Law of August, 1864, comprehend any instrument or paper whatever, which in effect transfers a cause from an inferior to a superior court.

*Appeal from Lucas District Court.*

WEDNESDAY, APRIL 5.

THE material facts are stated in the opinion of the court.
*Stuart* for the appellant.
*Perry & Townsend* for the appellee.

LOWE, J. — Thomas J. Mussellman filed and had allowed before the judge of the probate, a claim of $1,757$\frac{25}{100}$

**1. APPEAL:** against the estate of John S. Mussellman, deceased.
**revenue stamps.** From this allowance, H. L. Mauk, the adminis-
trator, appealed to the District Court. Under the Code, an
appeal is to be taken within thirty days from the date of
the decision, and is effected by claiming the same, and
filing an appeal bond, conditioned according to law. This
was done, and the bond and transcript of the proceedings
were filed in the District Court of Lucas county. Neither
the bond, transcript nor other paper connected with the
appeal had upon them a government revenue stamp, for
which cause mainly the counsel for the plaintiff below
moved the court to dismiss the appeal, which motion was
overruled. The plaintiff excepting, now insists in this court
that the same was error.

The appeal to the District Court was taken on the 28th
day of September, 1864, which was subsequent to the
date of the new or amended Revenue Law, passed August
1st, 1864, which provides that "writs or other process on
appeal from justices' courts or other courts of inferior juris-
diction to a court of record, shall be subject to a stamp
duty of fifty cents," &c.

We are inclined to adopt the construction the com-
missioner of internal revenue at Washington has given to
the words, "*writs or other process,*" which is, that they
comprehend any instrument or paper whatever which in
effect transfers a cause from an inferior to a superior court.
The motion to dismiss, as made, fully covered this con-
struction of the revenue law, and should have been
sustained. In so holding, we intend to intimate no opinion
upon the constitutionality of this part of the internal
revenue law of the government, as no question upon that
point was raised or discussed by counsel who argued the
case.

The other question, with regard to the right of third
persons to intervene in a cause after an appeal to the

District Court, raised by a motion to dismiss or strike the petition of intervention from the files, falls to the ground, as no appeal in contemplation of law had been taken. The judgment below on said motion is

Reversed.