## BARNEY v. IVINS et al.

1. Conveyance: CASE FOLLOWED. The case of *Barney* v. *Miller*, 18 Iowa, 460, as to the effect of a general and particular description in a conveyance; and the questions of title to lot six in block four, Keokuk, as therein presented and determined. followed and re-affirmed.

2. Evidence: STAMPS. A deed of conveyance to which there is attached no revenue stamp, is not admissible in evidence for the purpose of proving title. Following *Hughes* v. *Strickland*, 19 Iowa, 414; *O'Hare* v. *Leonard*, Id., 515; *Miller* v. *Bone*, Id., 517.

*Appeal from Lee District Court.*

WEDNESDAY, APRIL 17.

SUIT in equity by the mortgagee, against the mortgagor and subsequent purchasers, to foreclose a mortgage.

The defense consists, mainly, in want of consideration for the mortgage.

There was a decree in the District Court for the defendants. The plaintiff appeals.

*H. Scott Howell, Strong & Craig,* and *Robert H. Gilmore,* for the appellant.

*Rankin & McCrary* for the appellees.

COLE, J.—I. The controversy, in this case, is by the same plaintiff, and in relation to another part of the same lot (lot six in block four in the city of Keokuk) as in the case of *Barney* v. *Miller,* 18 Iowa, 460. The same facts in substance are proven, and the same primary title papers are relied upon as in that case. The questions presented and determined there are also again presented and re-argued in this case. The questions have been again considered by us, and we are content to re-affirm the rulings there made.

1. CONVEYANCE : case followed.

II. An additional point is made, or rather a new argument in the nature of a separate proposition is submitted, in this case. It is in substance this : that the deed by Aiken, Little and others, as attorneys in fact for Marsh, Lee and Delevan, only passed the title to the grantee, Galland, which Marsh, Lee and Delevan then owned, to wit, about forty-one one-hundredths ; and that, by the decree of partition, the whole lot was awarded to them, whereby, for a valuable consideration—their surrender of their interest in other portions of the partitioned property—they acquired the whole title to said lot, and thereby fifty-nine one-hundredths had inured to them, and was conveyed by them to Mason, whose deed to defendant Ivins had conveyed that portion, and hence the plaintiff is entitled to recover, as for a consideration, in that proportion of the whole mortgage. There may be several answers to this proposition, but it is necessary to state

only one, which, to our minds, is very conclusive. It is this: the deed by Marsh, Lee and Delevan to Mason, when construed in connection with the decree of partition, the deed made by Aikin & Little, attorneys, etc., and the supporting power of attorney, shows that no title passed to Mason, and hence none passed by his deed to Ivins. Whether, therefore, Marsh, Lee and Delevan acquired an additional interest by the partition is immaterial under this proposition; for, if they did acquire it, they have not conveyed it to Mason. Mason's conveyance, of itself, would not therefore be any consideration to support the mortgage in controversy.

III. Since the decision of the case of *Barney* v. *Miller, supra,* in this court, and on the 30th day of June, 1866, the surviving trustees, Marsh and Delevan, made a quitclaim, or deed of confirmation of this entire lot to Charles Mason. On the trial in the District Court, the plaintiff offered this deed in evidence, and, on defendant's objection, it was excluded on the ground that it had *no revenue stamp.* This ruling is here stated as an error, but has not been really insisted upon in argument.

2. EVIDENCE: stamps.

There was no error in this particular. See Acts 1 Sess. 38th Cong., p. 309, Schedule B; also p. 302, § 152; *Hugus* v. *Strickland,* 19 Iowa, 414; *O'Hare* v. *Leonard,* 19 Id., 515; *Miller* v. *Bone,* 19 Id., 571.

We have thus passed upon all the errors assigned by counsel, or which could be of any importance to plaintiff; and there remains nothing further, save to order that the judgment of the district court stand.

Affirmed.