## BLACKWELL v. DENIE.

Bills and notes negotiable: POST-STAMPED. The defense that a negotiable note was not stamped when issued cannot be made against a *bona fide* holder thereof for value, who received it in ignorance of the fact that it was not stamped until after issued. The English rule on this subject followed.

*Appeal from Johnson District Court.*

WEDNESDAY, JULY 31.

ACTION upon a note dated August 21, 1866, due three months after date, payable to Vanservens or bearer,

brought by plaintiff as the holder. The answer, in its second division, denies that defendant " executed or delivered the alleged note, but avers that the same was never executed, stamped or issued by him or his authority; that the same was fraudulently and deceitfully made by one Vanservens, the payee, as an order for the delivery to defendant for trial, of a certain .patent machine called, etc., and the signature of defendant obtained thereto as such order, to be afterward executed and stamped and issued, but the said contract was never completed, nor the alleged note stamped or issued by the defendant; that the same is wholly fraudulent and void." Demurrer to this division sustained, judgment thereon, and defendant appeals.

*Clark & Haddock* for the appellant

*Fairall & Boal* for the appellee.

This note is not void. The maker signed it and passed it to the payee. Under the contract set up in the answer, the payee was to hold it for a time; it was subsequently to be stamped. The payee afterward stamped it and transferred it to the plaintiff, who took it without knowledge of the agreement of maker and payee. *Either party* (the maker or payee) *was authorized to stamp it,* hence it is not void in the hands of plaintiff. The current of English. decisions sustains this view. See *Wright* v. *Riley,* Peake, 173; 3 Parsons on Contracts, 313, 314, 315.

The fact that the note is duly stamped upon its face is by the English jurisprudence incorporated into the law-merchant, and being stamped when taken it cannot afterward be questioned. The principle being that " negotiable paper in the hands of an innocent holder for value

Blackwell v. Denie.

before dishonor, is free from all defenses *that do not arise upon the face of the paper.*" 3 Parsons on Contracts, 313, 314, 315.

The case at bar is more analogous to that of an altered note — the case of a note having blanks left on it passing into the hands of the payee. Should he fill the blanks with words other than intended by the parties, the maker cannot assert this fraud perpetrated on him by the payee as a defense in an action brought by an innocent holder. 2 Parsons on Notes and Bills, 566.

This, as appears from the answer, is simply a violation of the terms of the contract by which the note was to be held for a time and afterward stamped, and this bad faith on the part of the payee cannot prejudice plaintiff.

There is a rule of law applicable to and of peculiar force in this case.

That when one of two innocent parties must suffer, it shall be he who unintentionally misled the other. This is a principle so well recognized that it would appear superfluous to cite authority in its support. We, however, refer to the following: 6 Dane's Abridgment, ch. 187, Maxim 21; 2 Parsons on Notes and Bills, ch. 15, p. 589.

WRIGHT, J. — It will be observed that the answer does not aver that plaintiff had any knowledge of the alleged **BILLS AND** non-delivery of the note, nor of any of the **NOTES NEGO-** **TIABLE: post-** other matters stated, nor that he received it **stamped.** after due.

While the answer alleges generally that the note was never issued, it proceeds to state the facts justifying, in the opinion of the pleader, such conclusion. And to these we must look in judging of the sufficiency of the defense. Thus construed, the answer sets up fraud by the payee, and that the note was unstamped when made and signed.

VOL. XXIII.—9

In the hands of an innocent holder the first defense could not, of course, avail. This is not claimed. 1 Par. N. & B. 279, 280.

Then, as to the want of the stamp. The question is a new one in our courts, and not free from difficulty. The subject is discussed by Mr. Parsons in his excellent work on contracts. 3 Par. on Con. 313, 314, 315, 316. The rule in England is, that if there is nothing on the face of the instrument to show that it was post-stamped, it, being negotiable, will be good in the hands of an indorsee or holder for value, who received it in ignorance of the fact that it was not stamped until after issued. *Wright* v. *Riley*, Peake, 173; *Green* v. *Davis*, 4 B. & C. 235. Mr. Parsons (3 N. & B. 316) doubts whether the courts of this country would go this far, and thus allow the policy of the law to set aside the express provision that a note *issued* without a stamp shall be "invalid and of no effect." The reasoning, however, in favor of the rule in England, strikes us as fair, just, and legitimate. It accords with the duty of the maker, protects the government, and, in consonance with the principles of the law-merchant, protects the holder of such paper from those defenses that do not arise upon its face.

Affirmed.