McBride v. Doty.

## McBride v. Doty et al.

1. Stamps: RECORD OF INSTRUMENT INSUFFICIENTLY STAMPED : SUBSE-
QUENT STAMPING. The record of an instrument insufficiently
stamped does not impart constructive notice to third parties; and
the subsequent attaching of an additional stamp under and by
authority of the revenue collector (§ 152, internal revenue act), does
not cure the defect so as to interfere with intervening rights.

2. —— EVIDENCE TO CHANGE AMOUNT OF CONSIDERATION. The
record of a mortgage offered in evidence was rejected on the ground
that when recorded the mortgage was insufficiently stamped. The
party offering it then proposed to show that at the time it was exe-
cuted, the mortgagor only received one-half the amount (which the
stamp affixed was sufficient to cover) specified in the mortgage, and
that it was then agreed that when the balance of the money was
paid by the mortgagee, an additional stamp should be affixed; and
that the balance never was paid. Held, that such evidence was
inadmissible as against the intervening rights of a third party.

*Appeal from Keokuk District Court.*

WEDNESDAY, JULY 31.

A SUIT in replevin to recover the possession of a wagon
and a cow. The defendant Doty was not served with
notice, nor did he appear and plead to the action.
The wagon was replevied from the possession of the
defendant Messenger, the cow from Henderson. They
both defend, answering severally, denying plaintiff's
right to the property, and each setting up a separate
claim thereto, one to the wagon and the other to the cow.
On the trial a judgment was rendered in their favor, and
the plaintiff appeals.

*G. D. Woodin* for the appellant.

*Mackey & Harned* for the appellees.

LOWE, Ch. J. — At the trial of this cause, the plaintiff, to support his claim and right of possession to the prop-

1. STAMPS: record of instrument insufficiently stamped: subsequent stamping.

erty in question, offered in evidence a chattel mortgage purporting to be executed and acknowledged by the defendant, W. W. Doty, for the consideration of $3,000, to secure the payment of a note of $3,000 due the 1st of November, 1866, to which was affixed a revenue stamp of two dollars.

This chattel mortgage was dated, acknowledged and recorded all on the 24th day of February, 1866.

The day before this suit was commenced, namely, on the 16th day of January, 1867, the collector of the fourth district permitted, or rather authorized, the mortgagee, plaintiff in this case, to attach an additional dollar stamp to the mortgage, and remitted all penalties, being satisfied from the oath of the plaintiff, that the omission to attach a three dollar revenue stamp to the same was through negligence and not for the purpose of defrauding the government.

When this mortgage was offered in testimony, defendants objected, on the ground that on its face it appeared only to have a two dollar revenue stamp at the time it was recorded, and that with this deficiency in the amount of the stamp, the mortgage, although recorded, was not notice to the defendants, and the re-stamping thereof by authority of the collector at the time it was done, could not cure the defect in such a sense as to interfere with intervening rights. Its introduction as evidence was refused by the court, and this is the first objection made to the proceedings below.

Under section 152 of the internal revenue act, this ruling of the court was clearly right. It reads as follows:

" That it shall not be lawful to record any instrument, document or paper required by law to be stamped, unless a stamp or stamps of the proper amount shall have been

affixed and canceled in the manner required by law, and the record of any such instrument, upon which the proper stamp or stamps aforesaid shall not have been affixed and canceled as aforesaid, shall be utterly void, and shall not' be used in evidence."

The plaintiff then offered to prove by his own testimony, that at the time this mortgage was executed, the plaintiff only paid the mortgagor on the note for borrowed money secured thereby, the sum of $1,500, it being agreed between the plaintiff and said mortgagor that when the balance of the note, to wit, $1,500 was paid, that the mortgage should receive an additional one dollar stamp, and that the last $1,500 had never yet been paid by plaintiff to said mortgagor. This evidence was also refused, against the objections of the plaintiff, and in our judgment properly. There is nothing in the revenue act that will support such a practice. The consideration of the note and mortgage was $3,000, and an entirety. If not stamped for the right amount, according to the consideration expressed upon their face, they are, agreeably to the language of the above quoted section, void, and the recording of the mortgage is void, and neither can be used as evidence in a cause.

2. —— evidence to change amount of consideration.

It is true that, under the revenue act, if the consideration of an instrument is merely nominal, and fails to express the real amount paid or agreed to be paid, it is competent to show that fact, if the same is not properly stamped ; but this is allowable in order to show an evasion of the provisions of the revenue act.

The case at bar is too dissimilar to need further explanation, and we sustain upon this point the ruling below.

We find no basis in the record for the other assignments, and the judgment below will be

Affirmed.