ANDERSON & CO. v. STARKWEATHER.

Promissory note: POST-STAMPED: FRAUD. The defense that a negotiable note was not stamped when issued, and was not intended to be, cannot be made against a *bona fide* holder thereof, who received it in ignorance of the fact that it was not stamped until after issued. Nor is the case varied by the fact that the note was originally obtained from the maker under such circumstances of fraud as would render it invalid on that ground, as between him and the payee.

*Appeal from Lee District Court.*

FRIDAY, JANUARY 7.

ACTION by indorsee of a negotiable promissory note, against the maker. Judgment for defendant, and plaintiffs appeal.

*R. H. Gilmore* for the appellant.

*D. F. Miller* for the appellee.

COLE, Ch. J. — This cause was submitted to the court without the intervention of a jury, and the following facts found:

" This suit is based on a promissory note in words and figures, as follows :

" ' $100.00.                                    *August 6th*, 1866.

" One month after date I, Leonard Starkweather, of Des Moines township, in the county of Lee, State of Iowa, promise to pay, to T. Henly or bearer, the sum of one hundred dollars, value received.

[5 cent stamp canceled.]    LEONARD STARKWEATHER.'

. " From the evidence, I find that on August 6th, 1866, a man, giving his name as T. Henly, called on the defendant at his farm, in this county, and persuaded defendant to agree to buy of him what he represented to be a certain sugar evaporator and patent-right, to be

delivered at a future day at an agreed price of one hundred dollars. It was agreed that defendant should give his note for that sum at one month, without a stamp, Henly assuring him that he would be safe in doing so ; that the note would be of no account without it ; that he merely wanted it as a sort of memorandum of what he had done until he could deliver the evaporator, when the note could be paid or stamped. The note was never stamped by defendant. The getting of it from him was a fraud and a cheat by Henly. It was sold and transferred to plaintiff before maturity, with the requisite stamp on it, as it now appears, and without notice of the fraud of Henly, by plaintiff."

On these facts, the District Court found the law to be with the defendant, and rendered judgment against the plaintiffs for costs. The plaintiffs excepted, and now appeal.

The case presented by this record is strikingly analogous to the case of *Blackwell* v. *Denie*, 23 Iowa, 63, and following the decision in that case, the judgment in this must be

