Miller, J.
''application of congressionai act Appellant insists that the court erred in basing to admit the bond sued on in evi<jerLCe to the jury, because:
First. The penalties of section 158 of the act of June 30, 1864, apply only to instruments issued with intent to emade the provisions of that act.
This precise question was before this court in Hugus v. Strickler, 19 Iowa, 413, and it was there held adversely to the position of appellant. That ruling has been followed and- approved in O'Hare v. Leonard, id. 515; Miller v. Bone, id. 571; Botkins v. Spurgeon, 20 id. 598, and other cases.
Whatever doubts might exist as to the correctness of these rulings, were the question an open one, we must regard it as settled in this State. We are aware that a contrary rule has been laid down by the courts of several other States.
2_evidence: state courts, II. The second point made by appellant is, that “ section 163 of the act of congress does not apply to and cannot govern State courts, with respect to the admissibility or inadmissibility of testimony presented to them.”
That the act referred to does apply to and govern the State courts, with respect to the admissibility and inadmissibility of documentary evidence, has been so frequently recognized by this court that it cannot be regarded as an open question. See the following cases: Musselman v. *521 Mauk, 18 Iowa, 239; Grinnel v. The M. & M. R. Co., id. 570 ; Hugus v. Strickler, 19 id. 413; O'Hare v. Leonard, id. 515; Miller v. Bone, id. 571; Botkins v. Spurgeon, 20 id. 598; Deskin v. Graham, id. 553; Doud v. Wright, 22 id. 337; Barney v. Ivens, id. 163; Brown v. Crandall, 23 id. 112; McBride v. Doty, id. 122; McAfferty v. Hale, 24 id. 355; Cedar Rapids & St. Paul R. R. Co. v. Stewart, 25 id. 117; Thompson v. Wilson, 26 id. 120.
a. — order of to?1117 oo lee-It is also settled by tbe decisions of this court, tbat a deputy collector has no power to remit penalties, and stamp instruments tbat have been left ungtampe¿ ^y inadvertence or mistake, except when, in case of tbe sickness or inability of tbe collector, be acts by special authority in bis place, and such special authority will not be presumed from tbe stamping of tbe instrument, where tbe certificate of tbe deputy is not authenticated by tbe seal of tbe collector. Tbe act of tbe deputy in stamping tbe instrument is a nullity, except where be acts by special authority, and his act is thus authenticated. Brown v. Crandall, 23 Iowa, 112.
Tbe stamp, in tbe case before us, was affixed by L. H. "Washburn, who signs tbe certificate as follows: Geo. W. Ells, collector 2d district, Iowa. By L. H. Washburn, deputy 1st division, 2d district, Iowa.
Tbe seal of the collector is not affixed, nor is there any thing to show tbat tbe deputy was authorized to affix the stamp. His act, therefore, was null and void, and. tbe instrument was to be treated as unstamped.
3_bonds of public officers. III. Tbe appellant insists, thirdly,'“that tbe provisions of tbe stamp act do not extend to bonds executed by pub-officers appointed by State authority for the faithful performance of their public duties,
which bonds are given for tbe protection and safety of tbe public.” Tbe great case of McCullough v. The State of Maryland, 4 Wheat. 316, is cited in support of tbis point. Tbe opinion in tbat case was delivered by Chief Justice *522 Marshall, and it was held that an act of the legislature of Maryland, which sought to impose certain stamp duties on the bank bills issued by a branch of any bank established within the State, without first obtaining authority from the State, did not extend, and could not properly apply, to a branch of the bank of the United States doing business in that State. The ground of the decision is, that no “State has the power to tax any-of the constitutional means employed by congress, wherewith to execute its constitutional powers,” etc.
The appellant argues, therefore, that congress, on the other handj cannot taje the constitutional means employed by the legislature of the State, wherewith to execute its constitutional powers. This may be readily admitted, and yet it is difficult to perceive how a law of congress, requiring every man elected or appointed to any office where he is required to give a bond for the faithful discharge of his duties, that he should stamp such bond, is “taxing the constitutional means employed by a State to execute and carry out its constitutional powers.”
* If an act of congress required the warrants issued by the State auditor, or bonds issued by authority of the State, to be stamped, then we could readily see that such an act would fall within the principle of the case of McCullough v. The State of Maryland, supra. But the requirement of the act in the case before us is, that the person taking upon himself the office to which he is appointed shall affix a stamp to his bond. Affixing the stamp is not an official act. He is required to do that as an individual, and befoi-e he is an officer. The duty is imposed on him individually, not officially, nor upon the corporation whose officer he becomes. '
The appellant asks that, if we should feel ourselves compelled to affirm the judgment of the district court, the cause be remanded to that court with leave to the plaintiff *523 to have the proper stamp affixed to the bond by the collector of the district.
This is asking us to grant a new trial, that the plaintiff may create evidence which did not exist at the time of the trial below, and this without a motion for a new trial in the court below. We think this would be an exercise of a power without precedent, and in this case unwarrantable.
The judgment of the court below is
Affirmed.