## CAMPBELL v. WILCOX.

1. Under the act of July 13th, 1866 (14 Stat. at Large, 142), which requires promissory notes to be stamped, making them void only when the stamp is omitted with intent to defraud the government of the stamp duty, a fraudulent omission cannot be taken advantage of on demurrer.
2. An averment in a declaration that the defendants had made and delivered to the plaintiffs their promissory notes, implies that the instruments were at the time in the form and condition required by law.
3. The filing of a plea to the merits after a demurrer is overruled, operates as a waiver of the demurrer.
4. Judgment affirmed with 10 per cent. damages, where a party brought a writ of error here denying such points as those above stated.

ERROR to the Circuit Court for the Southern District of Ohio.

A statute of July 13th, 1866,* enacts, that any person who shall accept, negotiate, or pay, or cause to be accepted, negotiated, or paid, any promissory-note, without the same being duly stamped, or having an adhesive stamp for denoting the tax chargeable thereon, and cancelled, &c., "*with intent to evade the provisions of the act,*" shall forfeit $50, and that *such* instrument or note " not being stamped according to law, shall be deemed invalid and of no effect." A mode is provided in the act by which instruments may be stamped after being issued.

These provisions being in force, Wilcox sued A. &. L. Campbell in the court below, declaring upon four promissory notes of theirs, dated 4th August, 1866. The declaration contained the usual averments according to the established precedents in such cases, but did not aver that the notes were stamped as required by the act of Congress, either at their date or at any subsequent time. The defendants demurred generally. The demurrer was overruled, and they pleaded to the merits. The case being submitted by consent to the court without the intervention of a jury,

---

* 14 Stat. at Large, 142, § 158; amending the Internal Revenue Act of June 30th, 1854.

judgment was given in favor of the plaintiffs for $10,805. On error the only question was on the demurrer.

*Mr. Stanbery, for the plaintiff in error:*

The English precedents of declaration upon instruments subject to stamp duties, do not indeed contain an averment that they were stamped at their date, or at any subsequent time, but they are not in point, for the want of a stamp does not in England invalidate the instrument, but only excludes it from being used in evidence *until* stamped. Our statutes declare the unstamped instrument *invalid* until a stamp is affixed by an application to an internal revenue officer. If the stamp is necessary to give *validity* to the instrument, it would seem that the declaration should aver that the note was stamped.

*Mr. W. Cornell, contra.*

Mr. Justice FIELD delivered the opinion of the court.

The only question in this case arises upon the demurrer to the declaration. The action is upon four promissory notes of the defendants, and the declaration contains the usual averments according to the established precedents in such cases, but does not aver that the notes were stamped as required by the act of Congress, either at their date or at any subsequent time. The demurrer is general, that the declaration does not set forth facts sufficient in law to constitute a good cause of action; but the omission of an averment, in the particular mentioned, constitutes the special ground of objection presented in the brief of counsel.

To the objection there are several answers. In the first place, the act of Congress which requires promissory notes and other instruments to be stamped, only declares that they "shall be deemed invalid and of no effect" when the stamp is omitted "with intent to evade the provisions" of the act—that is, with intent to defraud the government of the stamp duty. It is a fraudulent and not an accidental omission at which the penalty of the statute is levied. Such

fraudulent omission, if available at all to the maker of the note, can only be set up by special plea or urged on the trial. It cannot be taken advantage of on demurrer.

In the second place, if a stamp were essential to the validity of paper of this kind, the averment in the declaration that the defendants had made and delivered to the plaintiff their promissory notes, would imply that the instruments were at the time in the form and condition required by law. It has been held that in a declaration upon a contract, some memorandum of which, under the statute of frauds, must be in writing, a compliance with the requisition of the statute is implied in the averment that the contract was made, and that such compliance need not be specifically stated, although it must be proved if denied by the defendant. So in this case the existence of a stamp upon the notes, as in the case stated, the existence of a writing, is a matter of evidence and not of pleading.*

In the third place, the filing of a plea to the merits after the demurrer was overruled, operated as a waiver of the demurrer. The pleading was thus abandoned, and ceased thenceforth to be a part of the record.†

The defence is without merit, and the writ of error appears to us to have been prosecuted merely for delay. The judgment will therefore be

AFFIRMED WITH TEN PER CENT. DAMAGES.

---

\* 1 Chitty, Pleadings, 304.

† Clearwater *v.* Meredith, 1 Wallace, 42; Aurora City *v.* West, 7 Id. 92; Young *v.* Martin, 8 Id. 354; Brown *v.* Saratoga Railroad Company, 18 New York, 495.