THE STATE OF IOWA, Appellant, v. JACK SHIELDS.

**Forged Check:** *Improper revenue stamp.* Code, sections 4853, 4854, make a person who falsely makes, alters or forges an order for the payment of money to defraud another, or who utters such instrument, guilty of forgery. 30 U. S. Statutes, c. 448, provides that no instrument, paper or document required to be stamped shall be held to be invalid for want of a particular kind or description of stamp, if a legal documentary stamp or stamps be affixed thereto. Section 13, provides for stamping instruments not duly stamped by mistake or inadvertence. *Held*, that one who falsely issued a check was guilty of forgery, although the check was stamped with a proprietary stamp instead of a documentary stamp.

SAME: *Admissibility in evidence.* 30 United States Statutes, chapter 448, section 7, providing that a document shall not be introduced in evidence in any court without the proper internal revenue stamps thereon, does not require a forged check to be so stamped before it is admissible in evidence in a criminal prosecution therefor.

*Appeal from Pottawattamie District Court.*—HON. W. R. GREEN, Judge.

FRIDAY, OCTOBER 5, 1900.

THE defendant was indicted for the crime of uttering a forged check. On the trial the state offered in evidence the check described in the indictment, to which the defendant objected on the grounds "that the instrument offered in evidence appears to be illegal and void, and not the subject of forgery, because the same is not stamped as required by law; that same bears a proprietary instead of a documentary stamp." The court sustained the objection, and, the state having rested, the defendant moved for a verdict, and the court sustained the motion "for the reasons that, the check in question having been excluded because not properly stamped, there was no evidence of the forgery to go to the jury, and for the further reason the check was invalid, and not the subject of forgery." Judgment acquitting the defendant was rendered, and the state appeals.—*Reversed.*

The Attorney General and *Chas. A. Van Vleck* for the State.

*L. G. Scott* for appellee.

GIVEN, J.—I. We have the single question whether the court erred in holding that the check was not admissible in evidence for the reason that it was stamped with a two-cent proprietary United States revenue stamp, instead of a two-cent documentary stamp, as required by section 6, and schedule A, chapter 448, 30 United States Statutes. Section 7 of said act provides that if any person or persons shall make, sign, or issue, or cause to be made, signed, or issued, any instrument, document, or paper required to be stamped without the same being duly stamped, such person or persons shall be punished, "and such instrument, document, or paper, as aforesaid, shall not be competent evidence in any court." Section 10 provides a penalty for making, signing, issuing, accepting, or paying instruments required to be stamped without the same being duly stamped, "with design to evade the payment of any stamp tax." Section 13 provides for stamping instruments not duly

stamped at the time of making, by reason of accident, mistake, inadvertence, or necessity, and without any design to defraud the United States of the stamp, or to delay the payment thereof. Section 14 provides that no instrument, paper, or document required by law to be stamped, which has been signed or issued without being stamped or with a deficient stamp, nor any copy thereof, "shall be recorded or admitted or used as evidence in any court until a legal stamp, or stamps, denoting the amount of tax, shall have been affixed thereto as prescribed by law." Section 16 is as follows: "That no instrument, paper, or document required by law to be stamped shall be deemed or held invalid and of no effect for want of a particular kind or description of stamp designated for and denoting the tax charged on any such instrument, paper, or document, provided a legal documentary stamp, or stamps, denoting a tax of equal amount, shall have been duly affixed and used thereon." This check purports to create a pecuniary demand, and, although not stamped as required, it might, if it is genuine, be duly stamped, under the provisions of section 13. This being true, to falsely make, alter, or forge it with intent to defraud would be forgery, and to utter it as true knowing it to be forged, a crime, under Code, sections 4853, 4854.

There is conflict in the decisions of the state courts as to whether this statutory rule of evidence will be followed in the state courts. In *Mitchell v. Insurance Co.*, 32 Iowa, 422, it was contended that the court below erred in admitting in evidence a certain assignment, for the reason that the same was insufficiently stamped. This court, following the decision of the supreme court of the United States in *Campbell v. Wilcox*, 10 Wall. 421 (19 L. Ed. 973), said: "As it does not appear that there was any fraudulent intent in the omission to properly stamp the assignment referred to, it follows that the court did not err in admitting it in evidence,"—thereby overruling *Hugus v. Strickler*, 19 Iowa, 414, and like prior decisions.

As we view it, the question under consideration does not rest upon whether this statutory rule of evidence will be followed in the state courts, nor whether it only excludes as evidence instruments not properly stamped when there was an intent to defraud. Our inquiry is whether the statute applies to criminal prosecutions like this. The purpose of the act, and of the penalties therein prescribed, is to insure to the government the tax provided. True and genuine instruments only are required to be stamped, and it is these that the act declares shall be invalid, and not receivable in evidence, if not properly stamped. There is no requirement that false and forged instruments shall or may be stamped, nor was it intended that the rule of evidence prescribed should apply in prosecutions for forging or uttering such instruments. It will be seen, by referring to *Thomas v. State,* 40 Tex. Cr. App. 562 (46 L. R. A. 454, and notes s. c. 51 S. W. Rep. 242), that the general, if not the uniform, current of authorities, both English and American, is that the instrument alleged to be forged is admissible in evidence in prosecutions like this, whether or not stamped. We think the court erred in excluding the check, but, as the defendant cannot again be put on trial, the judgment of acquittal must stand.—REVERSED.

GRANGER, C. J., not sitting.