G. H. GARDNER, Appellee, v. LIZZIE KERLIN et al., Appellants.

JURY: Equitable Suit on Note. Right to jury trial does not exist in an action originally brought at law, but changed into an equitable action for judgment on a note and for foreclosure of the lien securing the same, and later transferred *in toto*, and without objection, to the equity calendar.

EQUITY: Timeliness of Issues. A purely law action in the superior court may be converted into a purely equitable action after the cause has reached the district court by proper transfer.

*Appeal from Dallas District Court.*—W. H. FAHEY and W. S. AYRES, Judges.

OCTOBER 25, 1918.

JUDGMENT on note of which appellee Gardner claims to be a transferee before maturity for value and in good faith. Defense, among others, usury. Judgment on the note, and judgment for Dallas County on account of usury. The makers of the note appeal.—*Affirmed.*

*R. & F. G. Ryan,* for appellants.

*White & Clarke,* and *H. S. Duggan,* County Attorney, for appellees.

SALINGER, J.—I. The note in suit was secured by an assignment of such interest as appellant Lizzie Kerlin had in the estate of her deceased father; and appellee prayed that,

1. JURY: equita-ble suit on note.

in virtue of said assignment, judgment on his note should carry with it the establishing of a lien upon said interest of Lizzie Kerlin, to secure the payment of such judgment. It was defended that much of the note was wholly without consideration, and was made up of usury and pretended commissions; and that its making was procured by duress and threats. The decree appealed from gives judgment on the note and judgment for a stated sum in favor of the county, because it finds the plea of usury has been established; and attaches the prayed lien to said interest of Lizzie Kerlin. One contention of the appellant's is that the decree is not sustained by the evidence. We agree with appellant that, if this is to be a review *de novo,* the findings and conclusions of the trial court are not conclusive upon us. It is such review. It would help no one for us to re-abstract the abstracts in this opinion. The record has been read with due care, and we reach the same conclusion upon it that the trial judge did.

This disposes of the point that the law permits a judgment over against a fraudulent transferor, if the endorsee is held to be a good-faith buyer.

II. It is, of course, true that, in an action for a simple money judgment, the defendant has a right to trial by a jury, unless such action tenders equitable issues, or unless the right to jury trial has been waived. See Constitution of Iowa, Art. 1, Sec. 9; Secs. 3431 and 3650, Code of 1897; *Hanan v. Messenger,* 168 Iowa 507. But the question is whether, as appellant claims, it was error to deny a jury trial in this particular case.

It is contended that the defendants were entitled to jury trial, and that nothing done or omitted by them

operates as a waiver of that right. The last contention needs no consideration, because we find the first contention is not tenable. That is, we .hold we need not inquire whether the right to trial by jury was waived, because we find that such right never existed. It may be conceded that *Smith v. Redmond,* 141 Iowa 105, and *Timonds v. Hunter,* 169 Iowa 598, hold that an agreement to waive jury trial made at one term is not a waiver of trial at a succeeding term.

The court held that an application for trial to a jury should be overruled, "under the issues tendered." We- think that this ruling was right: First, because the suit finally became one seeking judgment on a promissory note, foreclosure ·of a lien given to secure the payment of said note, and general equitable relief; second, because plaintiff filed a motion to transfer the cause to equity. The motion was sustained, and no exception to the ruling taken. The transfer was asked on the ground that "said cause is wholly equitable, under the present pleading." Sustaining this without exception makes it the law of the case that the issues were wholly equitable. That being so, there was no right to jury trial to waive, because no right to such trial existed. *Marquis v. Illsley,* 99 Iowa 135; *Wilkinson v. Pritchard,* 93 Iowa 308.

### 2a

The Kerlins moved the court to refuse trying the equi· table issues tendered by a substituted petition, because the substitute was first tendered after the cause had been removed from the superior court, where the issues were law issues only; and it is argued that, therefore, the equitable .issues tendered after removal are issues of which the district . court has no jurisdiction. It seems clear there was jurisdiction, even though the ·equitable issues were tendered

2. EQUITY: timeliness of issues.

after the case reached the district court, on removal from the superior court.

III.   The pleadings of the appellants present a plea in abatement, because of the pendency of an appeal in some suit pending between others than the parties to this suit. But neither error points relied on for reversal nor brief points present that contention.—*Affirmed.*

PRESTON, C. J., LADD and EVANS, JJ., concur.