W. W. LUTTON, Appellee, v. LOUIS BAKER, Appellant.

**TRIAL:** Method of Trial—Form of Motion to Transfer. A motion made in an equity-case, at the close of plaintiff's evidence, "that

the cause be continued for submission of liability to a jury," is, in effect, a good motion to transfer from equity to law.

**TRIAL:** Method of Trial—Timely Motion to Transfer. Motion to transfer from equity to law is timely when made as soon as plaintiff, by closing his testimony, has demonstrated his inability to prove his allegations of equity.

**PLEADING:** Sufficiency—Failure to Question. Failure to question the sufficiency of a petition constitutes an implied concession that, if the allegations be strictly proven, plaintiff will be entitled to the relief prayed.

**BILLS AND NOTES:** Irregularity on Face—Omission of Revenue Stamp. A note unstamped, in compliance with the Federal Revenue Law, is not "complete and regular on its face," and he who takes the same is not a "holder in due course."

**BILLS AND NOTES:** Non-holder in Due Course—Defenses. A finding that plaintiff was *not*, as a matter of law, an innocent holder, necessarily disposes of his plea that, because he *was* an innocent holder, the maker was estopped to deny liability, because of having negligently allowed the payee to wrongfully negotiate the note in violation of an agreement.

*Appeal from Johnson District Court.*—R. P. HOWELL, Judge.

NOVEMBER 11, 1919.

THE plaintiff asserts that he is an "innocent purchaser" of a note made by Baker to LeGrand, and that he is entitled to have a lien established to secure payment of said note. The trial court gave him judgment against Baker, and established the lien as prayed. Baker appeals. Le-Grand made default.—*Reversed.*

*Crosby & Fordyce,* for appellant.

*J. L. Swift* and *Dutcher & Davis,* for appellee.

SALINGER, J.—I. Plaintiff filed what he styles "Petition in equity." It states his claim of title to the note. It alleges that, subsequent to the making of the note, Baker

made a written assignment to LeGrand, assigning to him:

"$475.00 and interest out of my share of the estate of my father Joseph Baker, deceased, of Johnson County, the same being to secure a certain note for the amount of $475.00 and interest, and hereby agree that the said amount shall be paid out of the proceeds of the estate of my said father that shall be due to me and I also agree that the administrator of the estate of my father shall pay from my portion of the said estate the amount of the note above referred to with interest."

It is further alleged that the father of Baker left surviving nine children and heirs at law, including Louis Baker as one; that Baker, by inheritance from his father, became the owner of an undivided one ninth of described real estate, and is still the owner thereof; that the note and the assignment are the property of the plaintiff; and that the assignment was intended to convey the interest of Baker in said real estate, to secure payment of said note; and that said assignment should be given the force and effect of a mortgage upon said real estate. Added to the prayer for judgment on the note, plaintiff prayed that such judgment be decreed to be a lien upon said described real estate, and that said lien be foreclosed, and for general equitable relief.

At the conclusion of the testimony for plaintiff, defendant Baker moved the court to continue the cause for further hearing, to submit the question of liability on the note to a jury. The reason stated was that "plaintiff has failed to make out any showing for equitable relief." The overruling of this motion is now complained of.

1. Trial: method of trial: form of motion to transfer.

There is no difficulty with the law. It is settled by *Fisher v. Trumbauer,* 160 Iowa 255, at 261, that one may not plead himself into chancery. To keep a case on the equity side, equities must be alleged and proved.

The petition at bar did set forth a cause of

2. TRIAL:
method of
trial: timely
motion to
transfer

action over which the court of equity had jurisdiction; wherefore, defendant was not called upon to move a transfer before answering. It would have been idle to address such a motion to this petition, because such motion was foredoomed to be rightly overruled. There was no right to obtain a transfer while nothing existed except a good petition in equity. In such case, attack must be deferred until, notwithstanding the allegations of such petition, it is made to appear that no right to equitable relief exists. Nor is it material that the form of the motion, instead of asking a transfer in so many words, asked that the cause be continued for further hearing, and that the liability on the note be submitted to a jury. At the time the motion was made, the jury had been excused for the term, and a continuance was necessary, to get a jury. And we are of opinion that the motion, in fair effect, was one to transfer the cause to the law side, on the ground that, though the plaintiff had pleaded an equitable cause of action, he had failed to prove one. But presentation has not enlightened us as to why it is claimed that there was a failure "to make out any showing for equitable relief." And that is the vital question. It matters little that defendant's complaint is well taken *if* there be such failure, unless it be made to appear that there was such failure. It appears, too, that, after the motion was overruled, the defendant himself adduced evidence. It is quite doubtful whether the point made is tenable, in view of the fact that the motion was not repeated at the close of all the evidence. See *Robinson v. Hawkeye C. M. Assn.*, 186 Iowa 759. But passing that, aside from the statement in the petition that the assignment was intended to be security for the note, and should be given the effect of a mortgage, it is made plain that the assignment itself is the basis upon which the

equitable relief is sought; and it is a sufficient basis. In-deed, its sufficiency was not challenged. If it was not a proper basis for the equitable relief sought, that was as true and as apparent when the petition was filed as it was at the time when the motion was made. Under familiar rules,

**3. PLEADING: sufficiency: failure to question.** failure to attack the petition amounted to an agreement that plaintiff was entitled to the relief prayed, if he proved what he had pleaded. He did prove that much. He did show that such an assignment existed, and that the plain-tiff had become its owner. It follows that the overruling of the motion was not reversible error. See *Gardner v. Kerlin,* 184 Iowa 793. It follows that the suit must, on this appeal, be treated as a suit in equity.

II. It is assigned the court erred in holding that the note sued on could be enforced, notwithstanding failure to attach revenue stamps, as required by act of Congress in force at the time, and argued that it is in-

**4. BILLS AND NOTES: irregu-larity on face: omission of revenue stamp.** consistent with the policy of this state to enforce the payment of a note as to which there has been a failure to comply with said revenue laws. The appellee responds that no such issue is made in the pleadings, and must be; that there is no evidence that the failure to stamp was due to fraudulent intent; and that, in the absence of such intent, inter parties, at least, such failure is of no materiality. That does not quite meet the case. The appellee asserts himself to be an innocent purchaser for value, and has the burden of proof on that allegation. The defendant express-ly denied that plaintiff was such purchaser, and his argu-ment is that, when a note which the revenue laws require to be stamped is not stamped, it ought not to be held "com-plete and regular on its face." In support, appellant re-lies on Section 3060-a52 of the Code Supplement, 1913; *In re Estate of Philpott,* 169 Iowa 555; *Blackwell v. Denie,*

23 Iowa 63; *Sperry v. Horr,* 32 Iowa 184; and *Hugus v. Strickler,* 19 Iowa 413. So, appellant tenders the question whether one is an innocent purchaser where he takes a note which is not duly stamped.

In *Hugus v. Strickler,* 19 Iowa 413, a statute was construed which required certain documents to be stamped. That statute provided a penalty for failure to stamp, if there was "intent to evade the provisions of this act." It was contended that failure to stamp was not fatal to the validity of an instrument, because there was no "intention to evade." We held that this intent was necessary only to the infliction of the penalty; that such intent was immaterial, so far as the validity of the instrument is concerned, —and it was held that the paper was void. The *Hugus* case was approved in *O'Hare v. Leonard,* 19 Iowa 515, 516; *Miller v. Bone,* 19 Iowa 571; *Botkins v. Spurgeon,* 20 Iowa 598; *Barney v. Ivins,* 22 Iowa 163, at 165; and *City of Muscatine v. Sterneman,* 30 Iowa 526, at 528. Then the Supreme Court of the United States held, in *Campbell v. Wilcox,* 10 Wall. 421, that the fraudulent intent was essential to declaring the unstamped instrument to be void. In deference to this, the *Hugus* case was overruled, in *Mitchell v. Home Ins. Co.,* 32 Iowa 421, 425. The later case of *Ricord v. Jones,* 33 Iowa 26, at 27, overruled the *Hugus* case and all cases that had followed it. The overruling is approved in *State v. Shields,* 112 Iowa 27, at 29, and is recognized in *State v. Glucose S. Refining Co.,* 117 Iowa 524, at 530. But it does not appear that cases upon which we shall presently comment have been overruled. In *McBride v. Doty,* 23 Iowa 122, we held that the record of an instrument insufficiently stamped does not give constructive notice to third parties. In *Blackwell v. Denie,* 23 Iowa 63, in *Gage v. Sharp,* 24 Iowa 15, at 18, and in *Anderson & Co. v. Starkweather,* 28 Iowa 409, it is ruled that a buyer of paper is protected if the same was duly stamped when bought, and

the buyer was ignorant that it was not stamped when issued. We held, in *Sperry v. Horr*, 32 Iowa 184, at 187, that the buyer is protected if it does not appear the buyer knew the paper had not been duly stamped by the maker; in *First Nat. Bank v. Dougherty*, 29 Iowa 260, that he is not protected if he admits he knew the maker did not stamp, and had authorized no other to stamp. The effect of all these is that a buyer is not protected *if* he knew that the stamp law had been disobeyed. All that is not done is determining who has the burden of proof. But that is settled by the statute which governs this case. It has been construed, time and again, to require that the holder must prove he bought in good faith, without notice. See *Arnd v. Aylesworth*, 145 Iowa 185. The stamping is not as much as referred to in the evidence. The only thing that could possibly be a reference to it is the following statement by plaintiff:

"I just took the note as it was, without asking Le-Grand who signed the note. I didn't ask who signed it. All I knew is what I seen on the paper. It was on the note I seen that name there."

It seems clear that the testimony, "all I knew is what I seen on the paper," is not testimony that plaintiff bought in ignorance of any violation of the Stamp Act. Indeed, the note set out in the abstract does not purport to be stamped. And, so, the buyer must have known that the Stamp Law had been disregarded. And the sole question is the effect of such knowledge. Section 3060-a52, Code Supplement, 1913, defines a holder in due course to be, among other things, one who has taken an instrument which "is complete and regular upon its face." We held, in the case of *In re Estate of Philpott*, 169 Iowa 555, that a note payable "on or before four —— after date" is not "complete and regular on its face," is not negotiable, and he who takes the same is not a "holder in due course." We now hold

that a note which lacks the stamping required by law is not "complete and regular on its face," and that, therefore, plaintiff is not a holder in due course, and must meet any defense that is good against the payee who transferred to plaintiff.

III.  The defendant maker does interpose defenses which, if proved, will defeat the payee, who transferred to plaintiff.  One of them is that, when the note was signed, he and LeGrand also signed a contract that no payment should be made unless LeGrand first performed certain things that he agreed to perform.  Assume that all defenses but this last one have not been established.  That will not destroy this last defense, if that be proved.  Is it proved?  The testimony, including that of Humphrey, a witness for plaintiff, clearly establishes that such a contract was made.  The evidence that it was never performed, or offered to be performed, is undisputed.  If LeGrand had not sold the note, this defense would prevent his collecting the note.  As said, this plaintiff is in no better position than LeGrand.  If this were all, it was error to give judgment against Baker.

IV.  The sole remaining question is one created by a plea of estoppel, made in the reply of the plaintiff.  That plea asserts that Baker "is barred and estopped from now alleging or setting up the defense that said LeGrand had no authority to negotiate said note or to avoid payment of same."  The bases for this conclusion are:

5. BILLS AND NOTES: non-holder in due course: defenses.

"(1) Baker had actual knowledge that LeGrand had possession of said note long before he negotiated same to plaintiff, and had actual knowledge that LeGrand was attempting to negotiate same.  (2) Baker took no steps to prevent LeGrand from disposing of said note, or to have it called in and canceled, but permitted him to retain possession, and to negotiate it to plaintiff."

Manifestly, none of these matters would estop Baker, if LeGrand had kept the note or had parted with it to someone who had knowledge of the conditional contract between LeGrand and Baker, and of the breach of such contract. Indeed, the plea states, in terms, that Baker is estopped to assert want of authority to negotiate or to avoid payment "of same when in the hands of this plaintiff, who is an innocent holder of same." It follows that, on fair construction, the plea is that, since either Baker or an innocent purchaser must suffer on account of acts and omissions by Baker, it is Baker, rather than the innocent purchaser, who should suffer. That appellee so construes it is shown by his citing *Marshall Field & Co. v. Sutherland*, 136 Iowa 218, at 220. Fairly construed, the plea is wholly based on the claim that plaintiff is an innocent purchaser. While appellee does argue that Baker has no defense even if plaintiff be not an innocent purchaser, the whole of his argument makes plain that he rests his plea of estoppel on the claim that he is such purchaser. It is more than doubtful whether plaintiff has established the alleged acts and omissions by Baker by a preponderance of the testimony. But whether he has or not requires no extended consideration; for we have held that, as matter of law, plaintiff is not an innocent purchaser. And, on a plea that certain things constitute an estoppel because plaintiff is such purchaser, plaintiff must be defeated, no matter what were the acts and omissions of Baker, where plaintiff fails to prove that he is an innocent purchaser. These acts and omissions do not concern plaintiff, unless he has the standing of such a purchaser.

We have strictly held the loser below to the rule that an unchallenged bad plea becomes a good plea, if what is pleaded is proven. But we have always stopped short of permitting the rule to apply, unless the one who urged the estoppel had proved all the fact allegations of the unchal-

lenged pleading. See *Garland Corp. v. Waterloo L. & T. Co.*, 185 Iowa 190. This much must be demanded. Where one seeks judgment upon a plea which is not good in law because such plea has not been attacked, and that he has proved it as written, he should see to it that he strictly proves the bad plea. Plaintiff has failed to establish his plea of estoppel.

The decree below will be reversed. The trial court is directed to dismiss the petition, and enter judgment for costs in favor of appellant, Louis Baker.—*Reversed.*

LADD, C. J., EVANS and PRESTON, JJ., concur.