FARSON SAVINGS BANK, Appellant, v. M. U. CHESIRE, Appellee.

**BILLS AND NOTES:**  Execution—Omission of Revenue Stamp.  A
promissory note is not rendered void because of the omission there-
from of the Federal revenue stamp.

*Appeal from Marshall District Court.*—JAMES W. WILLETT,
Judge.

JUNE 22, 1923.

ACTION to recover on certain promissory notes executed by
the defendant, who was the payee named in said notes, and who
indorsed the same.  The trial court refused to admit the notes
in evidence, and directed·the jury to return a verdict for the
defendant..  Plaintiff appeals.—*Reversed.*

*C. H. Van Law,* for appellant.

No appearance for appellee.

FAVILLE, J.—This case is very similar to a number of cases
that have been before this court.  It involves certain notes that
were executed by the appellee, and which were delivered to the
Daniel Hayes Company as evidence of the purchase price of
certain lands in the state of California.  The defense was fraud
and misrepresentation.  The trial court denied the admission of
the notes in evidence, and directed a verdict for the appellee,
on the main ground that the notes in suit did not bear revenue
stamps, and were incompleted instruments.

The cause was tried after the decision of this court in the
case of *Lutton v. Baker,* 187 Iowa 753, and the learned trial
court was evidently of the opinion that its ruling was justified

by the decision of this court in said cause. It was not, however.

Subsequently, the case of *Lutton v. Baker,* supra, was over-ruled by this court, in respect to the effect of failure to attach revenue stamps to a negotiable note, in the case of *Farmers Sav. Bank v. Neel,* 193 Iowa 685. This ruling was adhered to in *Richardson v. Cheshire,* 193 Iowa 930.

The trial court erred in refusing to receive in evidence the notes sued upon.

Other errors are urged which are not likely to occur upon a retrial of the case.

For the error pointed out, the judgment of the district court must be, and the same is,—*Reversed.*

PRESTON, C. J., EVANS and ARTHUR, JJ., concur.