**SECURITY SAVINGS BANK, A Corporation, Appellant,**

v.

**COLONY VILLAGE CORPORATION, Farmers Trust & Savings Bank, Martin Glandorf and Esther Glandorf, and Frank W. Martinson and Irene Martinson, Appellees.**

**No. 64903.**

Supreme Court of Iowa.

Feb. 18, 1981.

Ronald L. Saylor, Williamsburg, for appellant.

James W. Hall, Cedar Rapids, for Colony Village Corp., Frank W. Martinson and Irene Martinson.

Robert L. Claypool, Williamsburg, for Farmers Trust & Savings Bank.

Orville Bloethe of Bloethe-Schwiebert Law Office, Victor, for Martin Glandorf and Esther Glandorf.

Considered by LeGRAND, P. J., and UHLENHOPP, HARRIS, McCORMICK and ALLBEE, JJ.

LeGRAND, Justice.

This is an interlocutory appeal brought under rule 2, R.App.P. Plaintiff filed a petition asserting an equitable mortgage on real estate owned by some of the defendants and alleges error in the trial court's transfer of the cause to the law docket. We reverse and remand with instructions to restore the cause for trial in equity.

In 1972 and 1973 defendant Colony Village Corporation bought two tracts of real estate under contract, one from defendants Martin and Esther Glandorf and one from defendants Frank and Irene Martinson. In 1976 Colony Village borrowed $110,000

from Security Savings Bank, the plaintiff in this action.

Later in 1976, Stan Gunn borrowed $21,700 from Security Savings on a note guaranteed by Russell Sandersfeld, president of Colony Village. When this obligation was not paid, the amount due was added to the Colony Village indebtedness and a new note was executed by Russell Sandersfeld, who signed individually, stating he was "doing business as Colony Village Corp."

At the same time an agreement entitled "Assignment of Proceeds from Contract" was executed by Security Savings and Colony Village. Plaintiff claims this instrument together with the note it is alleged to secure created an equitable lien on the two tracts of real estate heretofore referred to.

Apparently desiring to terminate its business relationship with Security Savings, Colony Village obtained new financing from defendant Farmers Trust & Savings Bank, using the proceeds to pay off plaintiff except for the Gunn indebtedness. The present action was brought to collect this balance, all attributable to Gunn and now amounting to $25,000. A number of defenses were asserted by the defendants. The principal one is that the defendant's conduct in adding the Gunn obligation to the Colony Village note was "illegal, fraudulent, willful, and malicious." Defendants (except Farmers Trust & Savings Bank) also filed a counterclaim asking damage, both compensatory and punitive, for the alleged illegal, fraudulent, and malicious conduct.

All the defendants filed motions under section 611.9, The Code 1979, to transfer the cause from equity to law, asserting the plaintiff's petition and attached exhibits did not allege matters entitling it to claim an equitable mortgage.

Plaintiff concedes no legal mortgage was created, while defendants admit the action should be tried in equity if there is an equitable mortgage. See sections 611.5 and 654.1, The Code 1979. Thus the issue is both narrow and clearly drawn. Our task is to decide if the trial court was correct in transferring the cause to the law docket.

The note sued on was executed on February 1, 1979. It was a renewal note for indebtedness first evidenced by a note executed on December 31, 1976, the one which first incorporated the Gunn indebtedness as part of Colony Village's obligation. Both the notes contain a statement that they are secured by the assignment of Colony Village's interest in "two attached contracts."

That assignment is here set out in full:

This agreement made and entered into by and between Colony Village Corporation, Russell Sandersfeld, President, Williamsburg, Iowa, hereinafter referred to as First Parties, and Security Savings Bank in Williamsburg, Iowa, hereinafter referred to as "the bank" wherein it is agreed:

Whereas First Parties have an equity in farm land described on attached sheets under the terms of a contract for purchase of said land by First Parties from Martin Glandorf and Esther Glandorf, husband and wife and Frank W. Martinson and Irene Martinson, husband and wife, (a copy of said contract being attached hereto), and

WHEREAS First Parties now live on and operate said farm IT IS MUTUALLY AGREED:

1. First Parties do hereby assign to Security Savings Bank, in Williamsburg, Iowa, all proceeds and payments received or to be received and as received from sale of the farm land hereinbefore described which are in excess of the individual installments and total payments to be made under the terms of the said contract between first parties and Martin and Esther Glandorf, and Frank W. and Irene Martinson.

2. The bank agrees to apply all such excess of the proceeds first to the unsecured loans to First Parties and the interest thereon, and the balance, if any, to any other loans of First Parties as the bank may elect.

3. Parties of the second part, Security Savings Bank, realize that this sale of land may be in excess of debts owed

Security Savings Bank, and if so the bank agrees to pay any excess of funds over to Colony Village Corporation, Russell Sandersfeld, President after satisfaction of debts here.

This instrument makes no mention of a lien on real estate. It purports only to transfer to Security Savings the proceeds from the sale of the property if and when sold. The defendants make much of this. They argue the assignment is at best only a transfer of personal property and cannot be the basis for an equitable mortgage. We believe this conclusion is groundless.

An instrument intended as security should be so construed and enforced as an equitable mortgage. 55 Am.Jur.2d, *Mortgages*, § 11 at 200 (1970). Ordinarily the claim of equitable mortgage arises when the grantor of a deed absolute in form asserts it is intended as security for a debt only. However, this is not always the case. Other written instruments intended to create a lien on real estate have also been construed as equitable mortgages.

*Parry v. Reinertson*, 208 Iowa 739, 740, 742, 224 N.W. 489, 490 (1929), includes this statement:

It is well established that an agreement in writing to appropriate specific property to the discharge of a particular debt, or an instrument intended to be a mortgage, creates an equitable mortgage. The form of the instrument is not conclusive against either party. When the plain intent of the contract is shown by the instrument, aided by the surrounding facts and circumstances, equity will decree that the instrument is an equitable mortgage.

In *Lutton v. Baker*, 187 Iowa 753, 174 N.W. 599 (1919), we held a petition was adequate to plead an equitable mortgage where plaintiff relied on a promissory note supported by an assignment of an interest in an estate. The plaintiff in that case was unsuccessful because of failure of proof. However, we held his petition was not subject to a motion to transfer. *Lutton*, 187 Iowa 756–57, 174 N.W. 600.

The following language from *Lutton* is equally applicable here:

The petition at bar did set forth a cause of action over which the court of equity had jurisdiction; wherefore, defendant was not called upon to move a transfer before answering. It would have been idle to address such a motion to this petition, because such motion was foredoomed to be rightly overruled. There was no right to obtain a transfer while nothing existed except a good petition in equity. In such case, attack must be deferred until, notwithstanding the allegations of such petition, it is made to appear that no right to equitable relief exists.

187 Iowa at 756, 174 N.W. at 600.

Another early case touching upon this subject is *In re Assignment of Snyder*, 138 Iowa 553, 557–58, 114 N.W. 615, 616 (1908). There we held any writing which was intended to impose a lien is sufficient to create an equitable mortgage between the parties. *See also Trustees of Zion Methodist Church v. Smith*, 335 Ill.App. 233, 81 N.E.2d 649, 651 (1948), holding a promissory note could form the basis for an equitable mortgage upon proof that the parties so intended.