Smith v. Wetherell.

-------

## James B. Smith
### v.
### Oscar Wetherell et al.

1. Acceptance.—An acceptance, to be good, must in every respect meet and correspond with the offer, neither falling within nor going beyond its terms, but meeting it exactly at every point. A proposal to accept, or an acceptance on terms different from those proposed, amounts to a rejection of the offer.

2. Proposal for guaranty—Agreement to become principal debtors.—A proposition to defendants, asking them to guaranty the payment of a bill of lumber to be sold to a third party, and a reply by them that the lumber, when sold, might be charged to them, the lumber being sold and charged to such third party, instead of to defendants, is not such a proposition and acceptance as will bind the defendants. The contract of guarantor and of principal are essentially different; and if the plaintiff desired to hold the defendants he should have assented to their counter-proposition.

3. Practice—Directing verdict.—There being no question for the jury, it was competent for the court to instruct the jury to find a verdict for the defendants.

Error to the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding. Opinion filed December 8, 1879.

This was an action of assumpsit, brought by James B. Smith against Oscar D. Wetherell and others, to recover the balance

due upon a bill of lumber sold and delivered by the plaintiff to one Henry Bennett. The declaration contained the common counts, and also a special count, setting up an alleged contract between the plaintiff and defendants, entered into prior to the delivery of the lumber to Bennett, by which the defendants agreed to guarantee the payment for the lumber by Bennett after a credit of sixty days. The contract thus alleged was evidenced by the following letter:

"CHICAGO, April 19, 1876.

"MESSRS. O. D. WETHERELL & Co.

*Gentlemen.*—Mr. Henry Bennett proposes to purchase some boards of me, on which he wants thirty or sixty days, and refers me to you. What I want to know is this, whether you will guarantee the payment of the bill. The impression conveyed to me is that you would do so; without such guaranty I am not disposed to sell.

"Very respectfully,

"J. B. SMITH."

This letter was returned by the defendants to the plaintiff, with the following reply written thereon:

"You may charge the boards to us on sixty days' time after delivery.

"O. D. WETHERELL & Co."

The evidence fails to show whether the plaintiff's letter was transmitted to the defendants, and their answer returned by mail or by the hands of a messenger, but it appears that without any further communication between the parties, the plaintiff sold and delivered to Bennett a bill of lumber amounting to $1,060. This lumber was charged on the plaintiff's books to Bennett, and not to the account of the defendants. Various payments were made on the account by Bennett, reducing the amount to $230, and this balance remaining due after the expiration of the term of credit, the plaintiff, after various efforts to collect it of Bennett, presented the account to the defendants and demanded payment thereof from them. On their refusal to pay, this suit was brought to enforce the alleged contract of guaranty. On the trial, the court instructed the jury that the plaintiff had failed to make out a case, and that their

verdict should be for the defendants.    This instruction is assigned for error.

Messrs. Smith & Burgett, for plaintff in error; that the court erred in directing a verdict for the defendants, cited Stumps v. Kelly, 22 Ill. 140; Deshler v. Beers, 32 Ill. 368; Phelps v. Jenkins, 4 Scam. 48; Winne v. Hammond, 37 Ill. 99; Hutt v. Bruckman, 55 Ill. 441.

The correspondence amounts to a guaranty : Mallory v. Troy R. R. Co., 3 Abb. App. Dec. 139; Hunt v. Frost, 4 Cush. 54.

The contract is to be construed according to what is fairly to be presumed was the understanding of the parties : Buell v. Bruen, 1 How. (U. S.) 169; Chitty on Con. 88; Robinson v. Stow, 39 Ill. 568; Washburn v. Gould, 3 Story 122; Bouv. Law Dic. "Construction"; McCarty v. Howell, 24 Ill. 341.

No further notice that the guaranty would be acted upon, was necessary : Cook v. Orne, 37 Ill. 186; Caton v. Shaw, 2 Harr. & G. 13.

It was not necessary to aver or prove notice to defendants of default in payment : Lent v. Paddleford, 10 Mass. 230; Hammond v. Gilmore Admr. 14 Conn. 476: Grant v. Hotchkiss, 26 Barb. 63; Young v. Barber, 3 Sneed, 86; Train v. Jones, 11 Vt. 444; Smith v. Ide, 3 Vt. 296; Duval v. Trask, 12 Mass. 194; Peck v. Barney, 13 Vt. 93; Noyes v. Nichols, 2 Williams (Vt.) 159; 2 Am. Lead. Cas. 59; Somersall v. Barneby Cro. Jac., 287; Atkinson & Wolfe's case, 1 Leon, 105; Goring v. Edmunds, 6 Bing. 94; Douglass v. Howland, 24 Wend. 35; Powers v. Bunecratz, 12 Ohio, 273; Union Bank v. Coster, 3 Comst. 203; Walton v. Mascall, 13 M. & W. 452; Gage v. Lewis, 68 Ill. 604.

Delay in giving notice will not discharge the guarantor unless he is predjudiced thereby : Seaver v. Bradley, 6 Greenl. 60; Babcock v. Bryant, 12 Pick. 133; Louisville Mfg. Co. v. Welsh, 10 How. 461; Douglass v. Reynolds, 7 Pet. 113; 2 Am. Lead. Cas.

An actual guaranty of payment will be binding on proof that the goods were furnished in pursuance thereof: 2 Am. Lead. Cas. 59; Jackson v. Yendes, 7 Blackf. 526; Powers v. Bunecratz, 12 Ohio, 273; Williams v. Collins, 2 Law Dep. 580;

Douglass v. Howland, 24 Wend. 35; Whitney v. Groot, 24 Wend. 82; Smith v. Dana, 6 Hill 543; Union Bank v. Coster, 3 Comst. 203; Lonsdale v. Lafayette Bank, 18 Ohio, 126; Farmer's Bank v. Kercheval, 2 Mich. 504; Yancy v. Brown, 3 Sneed, 89; White v. Stoker, 1 Sneed, 169; Bright v. McKnight, 1 Sneed 158; Caton v. Shaw, 2 Har. & G. 13; Scott v. Myatte, 24 Ala. 489; Jolly v. Walker, 26 Ala, 90; Paige v. Parker, 8 Gray 211; Hatch v. Cobb, 12 Gray 447; Maynard v. Morse, 36 Vt. 617; Thrasher v. Ely, 2 Sm. & M. 141; Williams v. Stanton, 5 Sm. & M. 347; Wadworth v. Allen, 8 Gratt. 504; Moore v. Hutt, 10 Gratt. 284; Morton v. Burns 7 A. & E. 19.

To make notice obligatory it must appear that the plaintiff had the information, and that defendants could not obtain it from others, or even from the plaintiff: Hicks v. Goates Cro. Jac. 390; Juxon v. Thornhill Cro. Car. 132; 1 Chitty's Pl. *382.

Defendants are bound to take notice of transactions between plaintiffs and third persons, who are named in the contract: Holmes v. Twist, Hobart 51; Henney's Case, Cro. Jae. 432; Smith v. Groff, 2 Ld. Raymd. 1126.   Young v. Beeon, 3 Sneed, 80; McAuley v. Carter, 22 Ill. 55; Ward v. McHenry, 5 Conn. 596; Williams v. Granger, 4 Day, 444; Breed v. Hillhouse, 7 Conn. 523; Somersall v. Barneby, Cro. Jac. 287; Aikinson v. Wolfe's Case, 1 Leon. 105; Loweson's Pl. 221; 1 Chitty's Pl. *328; 2 Wm. Saund. 62; 3 Com. Dig. 675; 2 Salk. 457; 1 Swanst. Dig. 697; Gage v. Lewis, 68 Ill. 604; 2 Am. Lead. Cas. 61; Verial v. Richardson, 13 Allen, 521.

The cases that require notice are not founded upon English common law: Harris v. Ferrand, Hard. 36; Smith v. Dana, 6 Hill 543; Union Bank v. Carter, Comst. 203; Bright v. McKnight, 1 Sneed, 158; Powers v. Bunecratz, 12 Ohio St., 275; Douglass v. Howland, 24 Wend, 35; Jackson v. Tendes, 7 Blackf. 526; Farmers Bank v. Kercheval, 2 Mich. 504; 2 Am. Lead. Cas. 104.

Messrs. BARKER, BUELL & BARKER, for defendants in error; that an erroneous instruction will not reverse if it does not affect the rights of the case, cited Congress Spring Co. v. Edgar, 10

Chicago Legal News, 295; Bank v. Bank, 3 Cliff. 206; Brobst v. Brock, 10 Wall. 519; Derry v. Crary, 10 Wall. 263; Quinn v. Ill. Cent. R. R. Co. 51 Ill. 495.

Guarantors are not liable beyond the express terms of their engagements: Ryan v. Shawneetown, 14 Ill. 20; Parsons on Mercantile Law, 14.

Where the language of the contract is unequivocal, and the parties have failed to express their real intention, there is no room for construction, and the legal effect must be enforced: Benjamin v. McConnell, 4 Gilm. 536; McDermid v. Colton, 2 Bradwell, 297.

Bailey, P. J.    The determining question in this case is, did the plaintiff's letter to the defendants, and the reply of the latter thereto, constitute a contract between said parties?    The plaintiff's letter was in the nature of a proposition to the defendants, which could only be binding on them upon their acceptance of it according to its terms.    An acceptance, to be good, must, in every respect, meet and correspond with the offer, neither falling within nor going beyond the terms proposed, but exactly meeting them at all points, and closing with them just as they stand.    Potts v. Whitehead, 23 New Jersey, Eq. 572.    But a proposal to accept, or an acceptance of an offer, on terms varying from those proposed, amounts to a rejection of the offer and a substitution in its place of a counter proposition, which cannot become a contract until assented to by the first proposer.    Fox v. Turner, 1 Bradwell, 153.

It is plain that the acceptance contained in the defendants' reply is essentially variant from the proposition made in the plaintiff's letter.    The reply adds to the terms of the proposition the following, viz: that the lumber when sold should be charged to the defendants.    The defendants had an undoubted right to propose this modification to the plaintiff's offer, and such modification not being assented to by the plaintiff, no contract was consummated.    Again, the proposition was that defendants should enter into the contract as guarantors of Bennett.    By their reply the defendants consented to become bound, not as guarantors, but as principal debtors.    They

authorized the plaintiff to charge the lumber directly to them, and in that manner only did they consent to become liable to pay for it. The contract of a guarantor and that of a principal are essentially different in their nature, and involve entirely dissimilar rights and liabilities. If the plaintiff desired to hold the defendants to the particular liability they offered to assume, he should have assented to their counter-proposition. This he failed to do.

But even if the contract could be regarded as consummated and binding, the evidence shows that its terms were not complied with by the plaintiff. The lumber was not charged to the defendants but to Bennett. It cannot be said that the matter of charging it against the defendants in the plaintiff's books is immaterial. It is true, the reasons why the defendants chose to limit their liability to this particular form are not disclosed. They may have had in view such information of the several sales of lumber as they would be likely to derive from such periodical statements of accounts between the plaintiff and them, as is customary among business men. They may have anticipated greater facility in obtaining indemnity against their liability. At any rate, they chose to assume the liability, as they had an undoubted right to do, upon their own terms, and those terms not being met, it cannot be enforced against them.

We are of the opinion that no error was committed by the court in giving the instruction complained of. There was no question for the jury, and it was therefore competent for the court to instruct them to find a verdict for the defendants. There being no error in the record, the judgment must be affirmed

Judgment affirmed.