Lyon v. Aiken.

---

LYON v. AIKEN.

1. **Estoppel:** JOINT MAKER OF NOTE RELEASED BY CONTRACT OF HOLDER. Defendant and W. were joint makers of a promissiory note to plaintiff. For a valuable consideration flowing from defendant, W. agreed to pay the note himself. Upon his failing to do so, defendant, not having paid the note, was about to begin action against W., (which he might have done under the doctrine of *Stout v. Folger*, 34 Iowa, 71,) when plaintiff procured him to desist, because it would injure the business in which plaintiff and W. were then engaged as partners, and promised that he would see W. and arrange the matter with him, and afterwards informed defendant that he had done so, and that defendant was released from all obligation on the note. At this time W. was solvent, but he afterwards died insolvent, leaving the note unpaid. *Held* that plaintiff was estopped from maintaining an action against defendant on the note. (Compare *Thornburg v. Madren*, 33 Iowa, 380.)

*Appeal from Dallas Circuit Court.*

MONDAY, OCTOBER 25.

ACTION on a promissory note. A demurrer to the second count in the answer was sustained, and the defendant appeals.

*Cardell & Shortly,* for appellant.

*D. W. Woodin,* for appellee.

SEEVERS, J.—This action was brought on a note executed by I. Warford and the defendant. As a defense it was pleaded that the note was executed to secure a partnership indebtedness of the makers, who were then associated together in business; that defendant sold his interest therein to Warford, who, in consideration thereof, agreed to pay the indebtedness of said partnership, including said note. Thereafter the plaintiff and Warford associated themselves together in business; and the defendant, being anxious that the note should be paid, requested the plaintiff to take immediate steps to collect it, or if he failed to do so, the defendant would institute proceedings for that purpose, whereupon the plaintiff requested defendant to forbear from doing so, for the reason that it would injure the business in which he and Warford were then engaged, and the plaintiff then agreed that he would so arrange the matter with Warford as to release the defendant, and shortly thereafter the plaintiff stated to him that he and Warford had so settled and arranged, as to the payment of the note, as to relieve the defendant from any obligation to pay it, and not to concern himself in relation thereto; that, relying on said statements and agreements, the defendant took no measures to compel Warford to pay the note, or to protect himself from liability thereon; that at said time Warford was solvent, but afterwards become insolvent, and so died. Wherefore, by reason of the premises, the plaintiff is estopped from maintaining this action. To this defense the plaintiff demurred, and the demurrer was sustained.

I.   It is insisted by the appellee that both Warford and the defendant were principals, and that any agreement between themselves would in no manner affect the plaintiff. We shall not stop to inquire whether, as between themselves, Warford and the defendant were principals; but it will be conceded that, as to the plaintff, they were such. Warford, upon a sufficient consideration flowing from the defendant, promised and agreed with him to pay the note.    Upon this assumption and promise the defendant could have maintained an action without showing that he had paid the note.    *Stout v. Folger*, 34 Iowa, 71.    This being so, and upon the defendant threatening to bring such an action, the plaintiff requested him not to do so, for the reason that it would injure plaintiff's business, and promised that he would see Warford, and arrange the matter with him, and afterwards informed defendant that he had done so, and that he was released from all obligation on the note.

We think the plaintiff is estopped from now maintaining this action.    *Thornburg v. Madren*, 33 Iowa, 580.    In this case the party pleading the estoppel was a surety, but the two cases are alike in so far as the estoppel is concerned, and in the facts on which it is based.    The only doubt we have is whether it is essential that the plaintiff should have had knowledge of the promise made by Warford to pay the note; and, if it is, whether this sufficiently appears from the answer.    These questions have not been discussed by counsel, and we therefore shall not determine them.    Counsel for appellee, however, insist that there was no sufficient consideration, upon which the estoppel can be based.    In this we do not concur.    It is apparent from the answer that the defendant was subjected to loss because of what the plaintiff did.    For Warford was solvent when the promise and declaration was made, and he afterwards became insolvent.    The demurrer should have been overruled.

REVERSED.