MANNING, CUSHING & COMPANY, Appellants, v. W. S. ALGER, Administrator, Appellee.

Guaranty: EXTENSION OF TIME: RELEASE. Where goods were sold upon sixty days' time upon the agreement of a third person in writing that he would be responsible for the payment thereof, and after the expiration of sixty days the vendor took the note of the vendee therefor, and extended the time of payment, without the consent of the guarantor, *held*, in an action upon the account, that the guarantor was, by the extension, released from liability.

*Appeal from Montgomery District Court.*—HON. A. B. THORNELL, Judge.

THURSDAY, MAY 26, 1892.

ACTION on account filed in probate. There was a judgment refusing an allowance, and the plaintiffs appeal.—*Affirmed.*

*F. P. Greenlee*, and *C. E. Richards*, for appellants.

*W. H. Redmon* and *Smith McPherson*, for appellee.

GRANGER, J.—This case was before considered in this court on a demurrer to the claim, and it is reported in 78 Iowa, 185. It is not necessary that we should again state the facts of the case, further than to say that the claim is based on an undertaking of the defendant's intestate, Buchanan, to pay for certain goods, purchased by one J. T. Ingman, in the following words:

"VILLISCA, July 22, 1885.

"*Messrs. Manning, Cushing & Co., Ottumwa, Iowa.*

"GENTLEMEN:—If you will ship goods to J. T. Ingman, I will be responsible for payment of same to the amount of six hundred ($600) dollars.

"D. S. BUCHANAN."

The claim is based on two statements of account, dated August 31, and September 3, 1885. December 15, 1885, Ingman made to the plaintiff firm his promissory note for five hundred and ninety-six dollars and forty cents, being the aggregage of the two accounts, with interest. A ground of the demurrer on the former trial was that Buchanan was a guarantor of payment, and that the note extended the time of payment beyond the time fixed in the original terms of the purchase, as shown by the stated accounts. We reversed the case, holding that it did not appear from the face of the record, as a legal conclusion, that the giving of the note was an extension of the time of payment. The retrial of the cause in the district court was on the merits, in which testimony was taken with a view to fix the maturity of the claim under the original contract of purchase. From the testimony the district court could and must have found that the debt upon the accounts became due at such a time that the giving of the note by Ingman extended the time of payment, at least as to him. There is no pretense that this extension of time was with the assent of Buchanan, and it is claimed that the legal effect of the extension is to discharge his estate from liability.

The appellee contends that, conceding the time to have been extended by the acceptance of the note from Ingman, it could not affect the liability of Buchanan, for his obligation is not on the note, but on the account. Importance is attached to the fact that we held on the former trial that the undertaking of Buchanan was absolute to pay for the goods bought by Ingman. Because absolute, it is not to be understood that the obligation may not be released without payment. The obligation was absolute because assumed unconditionally. No condition precedent to a right of enforcement, as demand or notice, was expressed or implied. Buchanan was a party to the original contract with the plain-

tiff firm, and on that contract his obligation was not secondary to that of Ingman, so far as the plaintiff was concerned. As between Buchanan and Ingman, it was secondary, and this fact was known to the plaintiff. The plaintiff could thereafter make no contract with Ingman that would bind Buchanan without his assent. A contract not enforceable against Ingman would not be enforceable against Buchanan. When the goods were sold on sixty or ninety days' time, that was the contract of all the parties, and Buchanan's obligation was fixed by it in the matter of time as well as other particulars. The plaintiff could not thereafter, by contract with Ingman, change Buchanan's obligation, for no such authority was given. It would not be contended that in the first instance—that is, when the goods were sold—the plaintiff and Ingman could have agreed that the debt should become due as to Buchanan in sixty days, and as to Ingman in six months, making their obligation for payment at different times; for such a transaction would be against the manifest intention of Buchanan. If not, they surely could not do it afterwards; and this must settle the claim that the extension of time by giving the note did not affect the obligation of Buchanan. His obligation could not be prior in point of time to that of Ingman. An extension of time then for payment by Ingman operated to release Buchanan from liability. The rules stated in *Case v. Howard*, 41 Iowa, 479, are not at variance with our holding in this case; but on the contrary, so far as they have any bearing, they support it. The questions presented in the two cases are very different.

We think the conclusion of the district court is correct, and the judgment is AFFIRMED.