## No. 11,033.

### STATE NATIONAL BANK vs. JOHN FLATHERS.

1. One who, as security of negotiable notes, has executed a mortgage which he had the right and capacity to make, on property belonging to himself, by an act suggesting on its face no defect, duly recorded, and importing confession of judgment in favor of the mortgagee and any future holder of the note, can not destroy its value in the hands of a subsequent holder by pleading secret equities between the original parties created by his own fault, negligence or imprudence, of which the subsequent holder had no notice and no means of information.

2. The above rests on no assertion that mortgages are negotiable, but on other principles of law and equity fully stated in this and previous opinions.

3. When cases arise in which the above elements or some of them are missing, they will be determined according to their particular facts.

4. Under repeated decisions of the United States Supreme Court the objection that a national bank has loaned money on real estate in violation of the prohibition of the national banking laws does not lie in the mouth of the delinquent debtor of such loan, and does not disable the bank from enforcing the same by foreclosing the mortgage. The United States alone can complain of such violation.

APPEAL from the Civil District Court for the Parish of Orleans. Monroe, J.

| 45 | 75 |
|----|-----|
| 45 | 122 |
| 45 | 75 |
| 46 | 343 |
| 45 | 75 |
| 47 | 684 |
| 45 | 75 |
| 48 | 874 |
| 45 | 75 |
| 50 | 906 |
| 50 | 907 |
| 51 | 1469 |
| 45 | 75 |
| 106 | 689 |
| 45 | 75 |
| 120 | 630 |

Bank vs. Flathers.

*James McConnell, Horace E. Upton* and *Browne & Choate* for Plaintiff and Appellee:

1. The pledgee of a note secured by mortgage has a right to take measures, that is, to sue for payment in his own name, to satisfy the debt to secure which the pledge was made, subject to the obligation of accounting to his debtor. R. C. C. 3170 (3137); 33 An. 626; 30 An. 714; 28 An. 419; 21 An. 3; Insurance Company vs. Lozano, 39 An. 321.

2. The pledgee of notes secured by mortgage can enforce the collection of them by executory as well as by ordinary process. 29 An. 548; Chaffe & Sons vs DuBose, 36 An. 257.

3. An agent if clothed with the necessary power may sue in his own name. 2 L. 264; C. C. 2954, *et seq.*; 4 R. 517; 4 N. S. 481; 5 N. S. 40; 5 R. 47 ; 12 An. 298; 32 An. 288; Scionneaux vs. Waguespack et al.

4. The law abhors a multiplicity of actions against the same person. 15 An. 311. Separate holders of the same series of mortgage notes may be joined as plaintiffs to enforce payment.

5. Where one by his words or conduct wilfully causes another to believe in the existence of a certain state of things, and induces him to act on that belief, so as to alter his previous position, the former is estopped from averring against the latter the existence of a different state of things at the same time. Cross on Pleading, p. 74; 5 R. 523; 4 An. 293; 5 An. 368; 9 An. 528; 12 An. 473; 39 An. 50; 30 An. 1040.

6. The sale or transfer of a note secured by a special mortgage and vendor's privilege carries with it both the mortgage and the privilege. 39 An. 1052; 37 An. 754.

7. A national bank may loan on security of a mortgage, if not objected to by the United States. 98 U. S. 621; 103 U. S. 99; 112 U. S. 439.

8. Plaintiff, as holder of one of the notes, had a right to sue in its own name. 19 An. 526; C. C. 2141, No. 1; 2 La. 264; 19 An. 182; Hen. Dig., p. 180, No. 5; 2 An. 376, 441; 18 La. 92; 3 N. S. 291, 392; 5 La. 48; 4 La. 219; and others quoted in brief.

9. Plaintiff has right to assert the title of its transferrer, if need be, who acquired *bona fide* before maturity and for a valuable consideration. Levy vs. Ford, 41 An. 879; 1 Daniel Neg. Inst. Sec. 782; 19 An. 507; 12 An. 126; 20 An. 282.

10. An indorsement on a note made before its maturity forms part of it as though originally written in the note. 1 Daniel Neg. Inst., Sec. 151; 39 An. 713; 1 So. Rep 797; 2 So. Rep. 418; 42 An. 667; 18 An. 124.

11. A mortgage in favor of a person named, and any future holder of a negotiable note by which it is secured, is negotiable and passes by a delivery of the note. 35 An. 1; 16 Wall. 273; 16 An. 435.

---

*Louque & McGloin* for Defendant and Appellant:

1. The question of negotiability of a mortgage accompanying commercial paper is one of Louisiana law, determinable in accordance with the Civil Code of this State, and the decisions thereunder.

2. Choses in action are not negotiable, but pass by assignment subject to all equities. C. C. 2644; 16 An. 412; 19 An. 100; 21 An. 140; 23 An. 200; 23 An. 270; 25 An. 50; 25 An. 164; 29 An. 105.

3. A mortgage accompanying a promissory note passes with the latter from hand to hand; but unlike the note, the mortgage remains open to all defences. 3 R. 435; 14 An. 596; 17 An. 125; 20 An. 265; 26 An. 376; 28 An. 853; 31 An. 681.

4. A national bank is prohibited by law to hold mortgage securities; and it is without right to appear in court attempting to enforce the same.

The opinion of the court was delivered by

. FENNER, J. Plaintiff is the *bona fide* holder, by transfer before maturity, of negotiable notes executed by defendant, payable to his own order and by him endorsed and secured by a mortgage of concurrent date consented to by defendant in favor of the mortgagee and " any future holder or holders of said notes," by act importing confession of judgment.

Plaintiff proceeded to enforce his mortgage by executory process and was met by an injunction taken out by defendant on the grounds:

1. That he executed the notes and mortgage in favor of the mortgagee, G. A. Lanaux, who was his commission merchant, on the latter's representation that the accounts between them showed defendant to be a debtor in the sum of $6000, and that $5000 more would be necessary to furnish him with future necessary advances; but that he subsequently discovered that said representations were false and that, in truth, the said mortgagee was largely indebted to him.

2. That since the execution of the notes he has shipped to the mortgagee a larger amount of produce than the sum of the notes.

3. That the plaintiff, by the national banking law, is prohibited to hold mortgage securities and can not be heard in court when seeking to enforce the same.

To the petition for injunction the bank filed an exception of no cause of action based on the grounds:

1. That the alleged equities between defendant and Lanaux could not avail against the bank as a *bona fide* transferee of the note and mortgage before maturity.

2. That the defendant was incompetent to urge the objection based on the national banking law, the right to do so being reserved exclusively to the United States. From a judgment maintaining the exceptions the defendant appeals.

I.

The defendant admits that the negotiability of the notes bears the equities alleged by him as against the notes and his personal liability

thereon, but he contends that the mortgage is not negotiable and that, as against its enforcement, they furnish a valid defence.    It is true that mortgages are not negotiable.   This court has repeatedly so held, and has never, to our knowledge, held to the contrary. Schmidt vs. Frey, 8 Rob. 435;  Bowman vs. McKleroy, 14 An. 596; Bouligny vs. Fortier, 17 An. 125;  Doll vs. Rizotti, 20 An. 265; Gar- ner vs. Gay, 26 An. 376;  Morris vs. White, 28 An. 856;  Jennings vs. Vickers, 31 An. 684.

But this court has very deliberately held that a *bona fide* holder of a negotiable note acquired before maturity, secured by a mortgage duly recorded, which has been executed by one having lawful authority to make it, and bearing on its face nothing to impeach its validity, can not be defeated in his mortgage rights by secret equi- ties between the original parties existing before or arising after its execution, of which neither the act nor the public records afforded any notice and of  which he had no actual notice, at least when such equities are opposed by the original mortgagor or in his right.    This was clearly and emphatically held in the case of Carpenter vs. Allen, 16 An. 435, and the decision was not based on the principle of negotiability of the mortgage, but on the different principles, viz. :

1. Because when one of two innocent parties must suffer, the law throws the loss on him by whose negligence or fault the dam- age is occasioned.

2. Because a mortgage is a real right created only by observance of the forms of law, required to be recorded like sales of real estate, such registry being required especially for the protection of third persons, who are entitled to look to it for protection, and, without actual notice, are not required to look beyond it.

We consider that these principles were substantially recognized in the following cases: Gardner vs. Maxwell, 27 An. 562;  Taylor vs. Bowles, 28 An. 294;  Davis vs. Greve, 32 An. 420;  Butler vs. Slo- comb, 33 An. 170.

We have noticed, but do not deem it necessary to answer, the criticism of the applicability of these cases, because in a more recent case we have distinctly and very considerately affirmed Carpenter vs. Allen, and have used the following language, the force of which impresses our minds as strongly now as then: " The conclusion thus reached is supported by law, justice and equity, and tends to give security in transactions of the kind considered in this case.    Holding

differently would be to authorize debtors, ostensibly such by their own acts or culpable omissions, to take advantage of their own laches in order to prejudice and entrap innocent parties becoming *bona fide* creditors, and to desecrate the sanctity of justice by closing the fatal door upon them." Schepp vs. Smith, 35 An. 1.

A like rule is enforced by the Supreme Court of the United States and is recognized in our sister States. Carpenter vs. Longan, 16 Wall. 273; Sawyer vs. Prickett, 19 Wall. 166; 1 Daniel Neg. Inst., Secs. 834, 834a.

We have critically examined the cases relied on by defendant and find that, when properly analyzed, they do not necessarily contravene the principle stated.

Thus in Schmidt vs. Frey, 8 Rob. 440, the mortgage contested was given on property not belonging to the mortgagor, as appeared from the act itself.

In Bowman vs. McKleroy, 14 An. 396, the equities were not opposed by the mortgagor but by a prior mortgage creditor.

In Doll vs. Rizotti, 20 An. 265, the mortgage had been canceled and erased from the record before transferred.

In Garner vs. Gay, 26 An. 376, the act of mortgage showed on its face a contract in contravention of law.

In Morris vs. White, 28 An. 856, the property mortgaged did not belong to the mortgagor.

In Bouligny vs. Fortier, the mortgage had been consented by a married woman and was held to be without effect as in contravention of law.

The general *dicta* of these cases must be restricted to the cases in which they are made.

No case is cited at all parallel in facts to those relied on in this opinion, in which their principles have been impugned. Our opinion rests upon no assertion of the negotiability of mortgages. but upon other principles of law and equity which forbid a man, who, as a security for negotiable notes, has executed a mortgage which he had the full right and capacity to make, on property belonging to himself, by an act suggesting on its face no defect, duly recorded and importing confession of judgment, in favor not solely of the mortgagee but of any future holder of the note, to impair its binding force and effect by pleading secret equities created by his own fault, negligence or imprudence, and of which the subsequent holder of

the notes had no notice and no means of information. When cases arise in which the above elements or some of them are missing, we will determine them according to their particular facts.

## II.

The other ground of injunction, based on the prohibition of the national banking law, is insufficient in law, because negatived by repeated decisions of the Supreme Court of the United States which, while conceding that the law does, by clear implication, prohibit national banks to make loans on real estate, hold, nevertheless, that the risk of ouster and dissolution was the only penalty contemplated by Congress for violating the prohibition, which penalty could be invoked by the United States alone, and the bank was not disabled from enforcing such loans by judicial process at the plea of the debtor. National Bank vs. Matthews, 98 U. S. 621; National Bank vs. Whitney, 103 U. S. 99; Fortier vs. National Bank, 112 U. S. 439.

Judgment affirmed.