MARSHALL FIELD & Co., Appellant, v. D. W. SUTHERLAND.

**Guarantors:** DISCHARGE: CREDITOR'S NEGLIGENCE. A creditor who by his own mistake has given a debtor an excessive credit and fails to discover the error until the account is closed, his guaranty surrendered and the debtor has become insolvent, cannot recover the deficiency from the guarantor; since in law a loss must fall upon the one of two innocent parties through whose negligence it occurred.

*Appeal from Polk District Court.*— HON. W. H. McHENRY, Judge.

MONDAY, NOVEMBER 18, 1907.

SUIT on a written guaranty. Trial to the court on an agreed statement of facts, and judgment for the defendant. The plaintiffs appeal.— *Affirmed.*

*McLaughlin & Shankland,* for appellants.

*Allen & Lingenfelter,* for appellee.

SHERWIN, J.— The facts necessary to an understanding of the controversy in this case as gathered from the statements of counsel are as follows: The Pattee-Sutherland Company was a corporation engaged in business in the city of Des Moines, and, wishing to purchase goods on credit from

Marshall Field & Co., and not being able to do so without a guaranty, arrangements were made whereby the defendant D. W. Sutherland executed his written guaranty, which was accepted and acted upon by Marshall Field & Co. During the time that the guaranty was in force, a part of a consignment of goods which had been purchased of the plaintiffs was returned, and, in giving the Pattee-Sutherland Company credit therefor, a mistake of $268 was made by one of the plaintiffs' servants, whereby the said Pattee-Sutherland Company was credited with $520, instead of $252, the true amount for which the company should have been given credit. In October, 1903, upon request of the said Pattee-Sutherland Company, the plaintiff furnished it a statement of its account, which showed an indebtedness of $268 less than the true amount, this on account of the erroneous credit theretofore given. Upon receipt of the statement of account, the Pattee-Sutherland Company remitted the amount named in the statement, and upon receipt thereof Marshall Field & Co. returned to the defendant his guaranty. It is conceded that at this time the Pattee-Sutherland Company was solvent. Subsequent to this the Marshall Field Co. discovered the mistake that had been made, and in May, 1905, it made a demand upon the defendant under the written guaranty that had been surrendered. It is conceded that the Pattee-Sutherland Company was then insolvent, and that the defendant had no knowledge or information of the said erroneous credit until May, 1905, when the demand was made upon him. The defendant plead an estoppel based on the facts herein narrated.

The appellant contends that the guaranty was an absolute and unconditional one, and that the defendant is still liable thereto, notwithstanding the agreed facts. Conceding for the purposes of this case that the guaranty was absolute and unconditional, we are still unable to agree with the latter part of the appellant's proposition. It is a well and generally recognized principle of estoppel *in pais* that if in the transaction itself which is in dispute a party has by his neg-

ligence led another to believe a certain state of facts, and the other, relying thereon, has been led to act or refrain from acting when he otherwise would, and is prejudiced thereby, the party at fault cannot be heard afterward to show that the state of facts referred to did not exist. *O'Herron v. Gray,* 168 Mass. 573 (47 N. E. 429, 40 L. R. A. 498, 60 Am. St Rep. 411); *Manning, Cushing & Co. v. Alger,* 85 Iowa, 617; 16 Cyc. 772, and cases therein cited. Both of the parties hereto were acting in perfect good faith. The loss to be sustained is directly attributable to the negligence of the appellant, and it would be unjust and inequitable to impose the burden of paying the same on the defendant who is without fault. It is a familiar rule that, when one of two innocent parties must suffer, the law throws the loss on him by whose negligence or fault the loss occurs. *State Nat. Bank v. Flather,* 45 La. Ann. 75 (12 South. 243). That there should be no recovery in this case is more or less directly involved in principle in the following, among others, of our own cases: *Bullis v. Noble,* 36 Iowa, 618; *Chambers v. Cochran,* 18 Iowa, 167; *Rowley v. Jewett,* 56 Iowa, 492; *Lynn v. Aiken,* 70 Iowa, 16.

Appellant urges, however, that a showing of the insolvency of the Pattee-Sutherland Company is not sufficient to relieve the defendant from liability; that he must go further, and show that he would have acted before the company became insolvent had he known the true conditions. A showing of actual insolvency when the demand on him was made was, we think, sufficient. It may safely be presumed that he would have taken steps to protect his own financial interests had he been called upon to pay the company's debts. The judgment is right, and it is *affirmed.*