312

John A. Roebling's Sons Co.

vs.

Harry F. Huestis et al.

No. 42702

April 1, 1919

DECISION

DORAN, J. I find that plaintiff and the Pilgrim Shoe Machinery Company made a contract by which plaintiff was to sell or make and sell to said Pilgrim Shoe Machinery Company certain wire;

That defendants signed and delivered a guaranty that goods sold by plaintiff to said Pilgrim Shoe Machinery Company would be paid for;

That from said guaranty was stricken

the words 'jointly and severally", applying to defendant's act in guaranteeing;

That plaintiff sent letters which came to defendant's knowledge to the effect that the guaranty sent was not the one required, that a form of guaranty as originally written was forwarded, that plaintiff would hold the signed guaranty until the second form was signed and returned, that unless the second form was signed and returned by a date named plaintiff would conclude that the parties did not wish to carry out the agreement and plaintiff would cancel the order;

That so far as shown reference to the guaranty ceased after May 23rd 1917. Plaintiff retained the guaranty it had and no other guaranty was delivered to it.

That two months more or less after giving said notice concerning cancellation of the order, plaintiff shipped the order and said Pilgrim Shoe Machinery Company, to the early knowledge of defendant Huestis, received it. Defendant Bornside testifies without contradition that by reason of absence from sickness he had no knowledge of the shipping of the goods until some five months after they were shipped. The goods were retained by the Pilgrim Shoe Machinery Company. The Pilgrim Shoe Machinery Company's correspondence shows admission of its liability for the price;

That defendant Husetis was treasurer and director and defendant Bornside was manager and director of the Pilgrim Shoe Machinery Company.

If a person rejects a business offer, he may not later convert it into a contract by accepting it unless he obtains a renewal of consent by the offerer. The paper sued on here is not a proposal of guaranty but is an original contract of guaranty. The following cases may be described as concerned with rejected or returned guaranties.

Bridgeport &c. Co. v. Iowa &c. Works, 93 Fed. 171.

Kamber v. Rosen, 98 N. Y. Supp. 839.
Price v. Oatman, 77 S. W. 248 (Tex.)
Mayand v. Hoffman, 93 Fed. 171.
Creamer v. Mitchell, 182 N. Y. 477.
Marshall Field Co. v. Sutherland, 136 Ia. 218.
Smith v. Wetherell, 4 Ill. App. 655.

But the circumstances in above cases vary so much from those in the case on trial that they throw no strong light on the question involved here. The question is, may plaintiff, after rejecting guaranty, accept it and hold defendants without getting a renewal of their assent or giving notice of its change of purpose save as such notice may be implied by filling the Pilgrim Company's order. If the paper sued on were a proposal for guaranty it is clear that plaintiff could not so act and have a right to recover. I am unable to give a legal reason why plaintiff should recover on the case as it stands.

Decison for defendants.

For plaintiff: E. C. Stiness, D. H. Morrissey.

For defendants: Waterman & Greenlaw, Brand & Halford.